# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA PYNE, | CASE NO. 1:05-cv-01520 FVS TAG |
| Plaintiff, | ORDER DENYING PROPOSED ORDER TO EXTEND TIME TO FILE CONFIDENTIAL BRIEF and |
| vs. | ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE |
| JO ANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Pamela Pyne ("claimant" or "plaintiff"), represented by counsel, seeks approval of a stipulation extending her time to serve a confidential brief upon the Commissioner. (Doc. 17).

Pursuant to a Scheduling Order issued in this case, claimant was required to serve a confidential brief upon the Commissioner - outlining the reasons why she contends that a remand is warranted - within thirty (30) days after service of the administrative record. (Doc. 7). Also pursuant to the Scheduling Order, only *one* thirty day extension is permitted, absent a showing of good cause:

> The court will allow a single thirty (30) day extension of any part of this scheduling order by stipulation of the parties. Court approval is not required for this extension. However, the stipulation shall be filed with the court. Requests for modification of this briefing schedule will <u>not</u> routinely be granted. <u>With the exception of the single thirty day extension, requests to modify this order must be made by written motion and will be granted only for good cause</u>. . . . Violations of this order or of the federal or local rules of procedure may result in sanctions pursuant to Local Rules 11-110.

(Doc. 7, ¶¶ 12-15) (emphasis added).

The above-referenced Scheduling Order was issued pursuant to Fed. R. Civ. P. 16(b) in order to establish case management deadlines.  Under Rule 16, such a schedule "<u>shall not</u> be modified except upon a showing of good cause."  <u>Id</u>. (emphasis added).  The scheduling order "shall control the subsequent course of the action unless modified by a subsequent order."  Fed. R. Civ. P. 16(e).

In <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604 (9th Cir, 1992), the Ninth Circuit stated:

> "A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.' [citation omitted]   The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [a case].  Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier."

<u>Johnson</u>, 975 F.2d at 610.

Here, as permitted by the Scheduling Order, claimant already procured one 30-day extension of time, until June 30, 2006, in which to serve her confidential brief.  (Doc. 15).  However, her most recent request - for an additional 60-day extension - both doubles the amount of time (30-days) contemplated by the Scheduling Order for extensions and, more importantly, is claimant's second such request.  As such - pursuant to the explicit terms of the Scheduling Order - it was required to be made on written motion with good cause stated.  This was not done.

Accordingly, claimant's Stipulation and Proposed Order for a 60 day extension of time to server her confidential brief is DENIED.

It is further ORDERED that, within twenty (20) days of the date of service of this Order, claimant shall show cause, in writing, why this action should not be dismissed for failure to prosecute under the schedule as set forth in the Scheduling Order issued in this case.

IT IS SO ORDERED.

Dated: **July 3, 2006**                         /s/ Theresa A. Goldner
**j6eb3d**                                         UNITED STATES MAGISTRATE JUDGE